(March 1, 1923.)

ELLA M. WALLING, Appellant, v. J. J. WALLING, Respondent.

[214 Pac. 218.]

EVIDENCE—DOCUMENTARY—ORAL—ERROR INVITED BY PARTY.

    1. Where the material evidence is not all documentary, but is in part oral and conflicting, this court will not disturb either the verdict of the jury or the finding of the trial court if there is substantial evidence to support either.

    2. A party who invites an error by the trial court cannot be heard to complain thereof.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. B. S. Varian, Judge.

Action for divorce. Judgment for defendant. *Affirmed.*

James F. Ailshie and P. E. Cavaney, for Appellant.

Where a large part of the evidence, comprising a substantial part of the case and material issues therein, is heard by the trial court on depositions, the appellate court will consider and weigh the evidence contained in such depositions as though they were originally submitted to the appellate court. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Black v. Black,* 33 Ida. 226, 191 Pac. 353; *Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216.)

A. L. Anderson and Hawley & Hawley, for Respondent.

Where the material evidence taken in a trial before a court without a jury is not all documentary, but is part oral and conflicting, the appellate court will not disturb the findings of the trial court if there is substantial evidence to support them. (*Ainslie v. Idaho World Printing Co.,* 1 Ida. 641; *Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841; *Black v. Black,* 33 Ida. 226, 191 Pac. 353; *Casady v. Stuart,* 29 Ida. 714, 161 Pac. 1026; *Hardy v. Ward,* 31 Ida. 1, 168 Pac. 1075;

*Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482; *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 288; *Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588; *Roby v. Roby*, 10 Ida. 139, 77 Pac. 213; *Jackson v. Cowan*, 33 Ida. 525, 196 Pac. 216; *Bafus v. Peeper*, 33 Ida. 324, 194 Pac. 96; *Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662; *Hayton v. Clemans*, 30 Ida, 25, 165 Pac. 994; *Holland v. Avondale Irr. Dist.*, 30 Ida. 479, 166 Pac. 259; *McKeehan v. Vollmer Clearwater Co.*, 30 Ida. 505, Ann. Cas. 1918E, 1179, 166 Pac. 256; *Lisenby v. Intermountain State Bank*, 33 Ida. 101, 190 Pac. 355.)

DUNN, J.—This is an action for divorce brought by appellant against respondent. Judgment of the trial court was against appellant, from which she has appealed.

The case is presented here by other counsel than those who tried the case below and application has been made by appellant for attorneys' fees on this appeal in addition to the allowance made therefor by the trial court to other counsel. All property owned by the parties is community property, but the trial court made no finding as to the value thereof. Appellant claims the property of the community to be worth at least $150,000, but we find no evidence to warrant such a valuation. The trial court allowed counsel for appellant $1,600 for their services on the trial of the case and $600 additional for their services in prosecuting this appeal.

Shortly after the lodging of the reporter's transcript with the clerk appellant dismissed counsel who tried the case and employed counsel who are prosecuting this appeal. On the record before us and the showing made in support of this application we are of the opinion that $1,000 is all that should be allowed appellant for attorneys' fees on appeal. Within thirty days from the filing of the *remittitur* in the court below respondent is required to pay said sum to' the clerk of the supreme court for counsel who have prosecuted this case on appeal.

Appellant alleged eighteen particulars in which she claimed respondent to have treated her in a cruel and inhuman manner, on all of which the court made findings against her. She contends that the court erred in all of these findings for the reason that the evidence, partly documentary but mainly oral, does not support them. She specifies a number of particulars in which she claims the evidence to be insufficient, but the record shows that such findings are based largely upon conflicting oral testimony given by witnesses who appeared before the trial court, and that they have substantial evidence to support them. In this situation this court will follow the well-established rule that forbids it to interfere with such findings. (*Black v. Black,* 33 Ida. 226, 191 Pac. 353; *Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841.)

Appellant also assigns numerous errors based upon the admission and rejection of evidence, but an examination of the record shows these, as well as other assignments of error, to be without merit.

Appellant complains of the admission in evidence of certain portions of the deposition of H. D. Poor, which was taken at Portland, Oregon. In the taking of this deposition one McGinn appeared for respondent and in the course of his cross-examination was guilty of the most outrageous conduct toward the witness that we have ever seen recorded. It is amazing that one licensed to practice law could so far lose respect for himself, to say nothing of respect for the tribunal before which he appeared or the rights of the witness, as to be guilty of such conduct as characterized this cross-examination. It deserves the severest condemnation. But, however reprehensible the conduct of McGinn may have been, counsel for appellant have no right to complain of it in this court, for the reason that appellant's counsel below offered in evidence this deposition and permitted the cross-examination to go into the record of the trial without offering the slightest objection thereto. Since it is hardly open to question that they could have kept this offensive cross-examination out

by objecting thereto on the trial. (C. S., sec. 8020,) the fact that no objection was offered would seem to warrant the conclusion that they expected some advantage to come to appellant by permitting it to go before the trial court. Whatever may have been their purpose in permitting it to go in without objection, they cannot be heard to complain now.

The judgment of the trial court is affirmed.

McCarthy and William A. Lee, JJ., concur.