(No. 5229. January 8, 1929.)

A. E. FRANK, Respondent, v. MIKE FRANK, Appellant.

[273 Pac. 943.]

Franklin Pfirman, for Appellant.

James A. Wayne, for Respondent.

BUDGE, C. J.—Respondent sued appellant to recover $341.57, balance alleged to be due for goods, wares and merchandise sold and delivered between January 1, 1922, and March 3, 1924. Appellant, by his answer, denied the indebtedness and alleged affirmatively that during all of the times mentioned in the complaint he and respondent were co-partners engaged in the automobile business. With his answer, appellant filed a cross-complaint, alleging therein that on July 1, 1919, he and respondent entered into a partnership agreement, which was not dissolved until July 1, 1924; that there never had been an accounting, and that the goods, wares and merchandise mentioned in respondent's complaint were furnished to appellant by the partnership, consisting of himself and respondent. The cross-complaint prayed for an order dissolving the partnership, that a receiver be appointed, that an accounting be had, that respondent be restrained from interfering with the debts, moneys, properties or effects of said partnership or from disposing of any thereof, and for general relief. Respondent, in his answer to appellant's cross-complaint, denied specifically all the material allegations therein, and affirmatively alleged that he and appellant had an arrangement under the terms of which both parties worked during their spare hours in repairing automobiles, which arrangement applied only to repair work and did not relate to the purchase or sale of automobiles, gasoline, oil or accessories; that during the time appellant worked under this arrangement the gross receipts thereof amounted to $2,202.60, of which amount appellant had been paid by respondent his full share, to wit, $1,101.30.

The entire case as made up by the pleadings was tried to the court and a jury. Evidence was introduced covering all of the issues raised. Certain instructions were given by request of appellant, others upon the court's own motion, both as to the law side of the case and the equity side. A general verdict was returned in favor of respondent for $100, and

from the judgment entered thereon and an order overruling a motion for new trial, appellant appeals.

Certain of the assignments of error involve the action of the court in submitting the entire case to the jury for their general verdict, the failure of the court to make findings upon the cross-complaint of appellant and answer thereto, failure to submit special interrogatories to the jury for an advisory verdict to aid the court's equitable jurisdiction, ignoring the equitable issues presented by appellant in his cross-complaint, and rendition of judgment on the general verdict.

In *Penninger Lateral Co. v. Clark*, 22 Ida. 397, 126 Pac. 524, similar questions were raised, and in the course of that opinion the following language is found:

"In the present case the allegations of the cross-complaint clearly state a cause of action in equity for the purpose of determining the right and interest of the defendant and respondent in and to the Penninger Lateral and having his title quieted to such interest claimed by him in such ditch, and clearly shows an equitable right of action under the authorities cited above. . . . . Under this condition of the pleadings, it was the duty of the trial court to first determine the issues involved under the allegations of the cross-complaint which could be tried by the court alone without the aid of a jury, or the court could submit to the jury such issues as he deemed proper to aid and assist the court in determining the issues of fact involved."

The rule would seem to be, as laid down in the Penninger case, that where an action at law is brought and an equitable defense interposed by cross-complaint, or in an action cognizable in equity where a cross-action at law is interposed, the proper mode of procedure is for the court to hear and dispose of the equitable cause of action before proceeding to try the issues at law; or, if the entire case is submitted to the jury, the court may submit special interrogatories which may be adopted in aid of the court's equitable jurisdiction, or the court may, without submitting such interrogatories, make findings upon the equity branch of the case.

It was held in the Penninger case that the judgment was void because findings were not made, either by the court or jury, upon which such judgment could be based (as to the equity side of the case). In the instant case the court gave the following instruction, No. 2:

" . . . . Defendant having denied that plaintiff sold or delivered any goods to defendant, and alleging that in fact whatever goods received by defendant were received by him from the partnership which defendant claims to have existed between the parties, before you can find for the plaintiff on his cause of action for the alleged sale and delivery of said goods, plaintiff must prove by a preponderance of the evidence that he sold the goods in his individual capacity and not in behalf of a partnership."

While the opinion in *Penninger Lateral Co. v. Clark, supra,* no doubt announces the proper rule of procedure in such cases, there is the further rule, firmly established in this state, that where a party has consented to or invited the alleged error, the judgment will not be reversed. (*Gaskill v. Washington Water Power Co.,* 17 Ida. 128, 105 Pac. 51; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073; *Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108; *Powers v. Security Savings & Trust Co.,* 38 Ida. 289, 222 Pac. 779.) The following statement is found in 4 C. J., p. 714, sec. 2627, supported by numerous cases:

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous. Thus where the action was treated as one in equity, appellant cannot contend that it was one which should have been tried at law. Conversely, where parties demand, and over the objection of the others obtain, a jury trial, they cannot after verdict rendered against them complain that the cause, being of equitable cognizance, should not have been submitted to a jury. And the consolidation of actions cannot be complained of by one who had invited it. . . . . Nor can appel-

lant assign as error any irregularity in the mode of trial which was the direct result of his own negligence.''

The record shows no objection by appellant to the trial of the instant case by a jury; his counsel, in addressing the jury at the opening of appellant's case, indicated clearly his idea of the whole case going to the jury and dwelt particularly on the partnership issue, and was instrumental in having the jury instructed fully on the law of partnerships. Thus, so far as disclosed by the record, we have a case of plain acquiescence in the mode of procedure followed, with appellant willing to take his chances with the jury, and after adverse verdict for the first time raising any objection thereto. The verdict of the jury is reconcilable, as being a finding (1) that under the instruction quoted, *supra,* the goods alleged to have been sold and delivered to appellant—there is a conflict in the evidence as to a number of the items and some of them were doubtless disallowed—were furnished by respondent in his individual capacity and not in behalf of any partnership arrangement; and (2) that no partnership had existed between the parties. The instant case is, therefore, distinguishable from the ultimate holding in *Penninger Lateral Co. v. Clark, supra,* and appellant should not now be heard to complain of the manner in which the case was submitted.

Assignments of error predicated upon the giving of, and refusal to give, certain instructions, are without merit. As a whole, the instructions given fairly state the law, and were not unfavorable to appellant. Other errors assigned do not warrant a reversal of the judgment.

Judgment affirmed. Costs to respondent.

Givens, Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.

Petition for rehearing denied.