(No. 5297. October 8, 1929.)

A. SNAPP, Respondent, v. NELLIE P. BEAN, Appellant.

[281 Pac. 374.]

Witty & Anderson, for Appellant.

Jones, Pomeroy & Jones, for Respondent.

GIVENS, J.—Respondent and one Wirack rented a farm from appellant under a certain lease agreement. Respondent alleged in substance that immediately after the lease agreement was entered into, Wirack was released by mutual consent. Though appellant denied this and contended Wirack was a necessary party, there is evidence supporting the finding of the trial court that he had been so released.

Respondent further alleged that he had fully performed the obligations placed upon him by the lease but that appellant unlawfully took possession of the premises and was disposing of the crops to respondent's injury; claimed a one-half interest in the crops by reason of the lease and asked for an accounting and one-half of the crops. Appellant denied the unlawful repossession and claimed respondent

had not fulfilled his obligations and that he had committed waste; admitted respondent was entitled to his share of the crops but denied it to be in the amounts claimed by him; and affirmatively asked for an accounting.

Appellant now assigns as error, in substance, that respondent brought the wrong action, pursued the wrong remedy, and that the complaint does not state a cause of action.

The complaint was sufficient and appellant acquiesced in the action and the procedure followed, and in her cross-complaint sought against respondent the same remedy he sought against her. These assignments are therefore without merit. (*Frank v. Frank,* 47 Ida. 217, 273 Pac. 943.)

Appellant now complains because the trial was not tried by a jury. C. S., sec. 6865, provides that trial by jury may be waived in the following manner (subd. 2): "By written consent, in person or by attorney, filed with the clerk."

The cause was called for trial to the court without a jury. No jury was requested, and no objection made to such procedure until now in this court. Therefore in the absence of a showing in the record that written consent was not filed, and the record is silent thereon, it will be presumed such consent was filed. (*In re Allen,* 31 Ida. 295, 170 Pac. 921; *Kettenbach v. Walker,* 32 Ida. 544, 186 Pac. 912; *Leadbetter v. Lake,* 118 Cal. 515, 50 Pac. 686; 15 Cal. Jur. 349.)

There was no occasion for the appointment of commissioners or a receiver. The necessary parties were before the court, asking for a division of the crops and there is sufficient evidence to support the findings and conclusions and judgment except as to the values placed upon the wheat, oats and barley.

The judgment is affirmed as to the amount of hay, wheat, oats and barley due respondent and the value of the hay, if the hay cannot be delivered, but reversed as to the values

placed on the wheat, oats and barley, or any money judgment therefor in lieu of their delivery.

Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee and Varian, JJ., concur.

Wm. E. Lee, J., concurs in the conclusion.