673 P.2d 436

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Kaye OWSLEY (Molinelli),
Defendant-Respondent.**

No. 14364.

Supreme Court of Idaho.

Dec. 7, 1983.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

David H. Maguire, and D. Kirk Bybee, Pocatello, for defendant-respondent.

DONALDSON, Chief Justice.

Kaye Owsley, the defendant herein, and her companion Robert Molinelli, were arrested and charged jointly with delivery of a controlled substance. This action was later severed into the companion cases of State v. Molinelli, and State v. Owsley, after counsel moved for separate trials.

On September 22, 1981, Molinelli's counsel filed a pretrial motion in State v. Molinelli, to dismiss the charge, or in the alternative, to reduce the charge to simple possession of a controlled substance. Judge McDermott amended the information by reducing the charge as requested, and then accepted Molinelli's guilty plea to misdemeanor possession of a controlled substance.

On September 23, 1981, Owsley's counsel also moved to dismiss the case against Owsley, or in the alternative to reduce the charge to possession of a controlled substance. Also, Mr. Thomsen, deputy prosecutor for the State, urged the district court to dismiss the case in the event the court was inclined to grant defendant's motion to reduce the charge to possession. Mr. Thomsen addressed the Court as follows:

"We'd like to also impress the court with our desire, that if there is a determination that this court is bound by Judge McDermott's ruling, or that there was no evidence of a delivery, that the matter simply be dismissed. We're not interested in the least in a felony—or a felony being reduced to a misdemeanor.
" . . . .
"THE COURT: Mr. Thomsen, as I understand your position then, it is your desire that should the court rule in favor of the motion presented pertaining to the delivery and that Judge McDermott['s] ruling would be binding upon this case, you want a dismissal of this case by this court?
"MR. THOMSEN: That's correct."

The district court held as follows:

"It's the judgment of this court that that [sic] delivery once ruled on by a judicial tribunal is binding upon this court, giving consideration of the collateral estoppel doctrine and further that these cases were once a joint case. The facts are the very same. This defendant did not participate in the delivery, physical delivery, and therefore, the court is going to grant the motion and *as per request of the State, dismiss the charge.*" (Emphasis added.)

On appeal, the State has requested that the decision of the district court applying non-mutual collateral estoppel be reversed and the case be remanded for further proceedings. However, the judgment of dismissal from which the State is presently appealing, is precisely the judgment the State specifically requested, or invited the court to make.

In *State v. Lopez,* 100 Idaho 99, 593 P.2d 1003 (1979), the defendant argued that the trial court erred in not instructing the jury as to a lesser included offense. At the close of trial however, defense counsel asked to withdraw his requested instruction on the lesser included offense. The judge responded by not giving it. We held that I.C. § 19–2132(b) mandated the trial court to instruct the jury on a lesser included offense, even when as a matter of trial tactics the defendant failed to request the instruction. Notwithstanding this mandate, we held that

"[t]he failure of the trial court to instruct on assault with a deadly weapon was caused by defendant's objection and therefore was invited error and will not be considered on appeal. *People v. Ray,* 14 Cal.3d 20, 120 Cal.Rptr. 377, 533 P.2d 1017 (1975); *People v. Sedeno,* 10 Cal.3d 703, 112 Cal.Rptr. 1, 518 P.2d 913 (1974); *People v. Phillips,* 64 Cal.2d 574, 51 Cal. Rptr. 225, 414 P.2d 353 (1966); *cf. King v. State,* 93 Idaho 87, 456 P.2d 254 (1969)." 100 Idaho at 102, 593 P.2d 1006.

Similarly, in *State v. Davis,* 104 Idaho 523, 525, 661 P.2d 308, 310 (1983), we declined to rule on defendant's claim that the Constitution mandated a jury trial when the defendant himself had requested a court trial.

■ In criminal cases, a defendant may not consciously invite district court actions, and then successfully claim these actions are erroneous on appeal. *Sidote v. State,* 94 Nev. 762, 587 P.2d 1317 (1978). Nor may a criminal defendant successfully allege error in a ruling of the court, when the defendant himself requested the ruling. *Stilley v. People,* 160 Colo. 329, 417 P.2d 494 (1966); *People v. Reeves,* 64 Cal.2d 766, 51 Cal.Rptr.

691, 415 P.2d 35 (1966), *cert. denied,* 385 U.S. 952, 87 S.Ct. 332, 17 L.Ed.2d 229 (1966). It has long been the law in Idaho that one may not successfully complain of errors one has acquiesced in or invited. *Walling v. Walling,* 36 Idaho 710, 214 P. 218 (1923). Errors consented to, acquiesced in, or invited are not reversible. *Frank v. Frank,* 47 Idaho 217, 273 P. 943 (1929).

In the present case, the State having requested the trial court to dismiss the charge has invited the very error of which it now complains. Thus, even if the trial court erred in granting the dismissal, the State is foreclosed on appeal from contending that the dismissal was erroneous.

We reserve any decision on the applicability of non-mutual collateral estoppel in criminal cases for another day.

Appeal dismissed.

BISTLINE and HUNTLEY, JJ., concur.

SHEPARD and BAKES, JJ., dissent without opinion.