818 P.2d 775

**ANDERSON–BLAKE, INC., an Idaho corporation, Plaintiff–Respondent–Cross Appellant,**

v.

**LOS CABALLEROS, LTD., a California limited partnership, Villelli Enterprises, Inc., a California corporation, managing general partner, Defendants–Appellants–Cross Respondents.**

No. 18643.

Court of Appeals of Idaho.

Oct. 2, 1991.

McLaughlin Law Office, Mountain Home, for defendants-appellants-cross respondents. Michael R. McLaughlin argued.

Coleman, McIntyre, Ritchie & Robertson, Twin Falls, for plaintiff-respondent-cross appellant. John S. Ritchie argued.

SILAK, Judge.

In a suit brought by an insurance agency against an insured for payment of premiums on seven policies, the parties agreed that the insured owed $11,483 in premiums on six of the policies (undisputed policies), leaving liability for premiums on a worker's compensation policy in dispute. After trial on this remaining issue, the district court found that the insurance agency had misrepresented material facts regarding the worker's compensation policy, and the parties entered into another stipulated agreement to the effect that while the insured would pay the $11,483 owed on the undisputed policies, the insured would be relieved of liability for additional payments claimed by the insurance agency on the worker's compensation policy. The district court entered judgment pursuant to the stipulated agreement and the insured appeals, claiming that the district court should have offset the $11,483 which the insured owed on the undisputed policies by the amount which the insured had been harmed by the insurance agency's misrepresentation as to the worker's compensation policy. For the reasons stated below, we will not disturb the judgment entered by the district court.

## FACTS

Los Caballeros, Ltd. (Los Caballeros) is a California Limited Partnership that operates a cattle ranch, feed lot and commodities firm in southern Idaho. Anderson–Blake is an independent insurance agency located in Twin Falls, Idaho.

In 1984, Los Caballeros purchased a farm owner's insurance package through Anderson–Blake to cover various aspects of its ranching operation. The package included a number of policies for property, casualty, auto, mobile equipment, employer liability and employee medical insurance. One of the policies procured for Los Caballeros was an employer/liability-employee/medical policy through the Insurance Company of North America (INA), which was to cover Los Caballeros for one year, terminating in July of 1985. In April of 1985, Anderson–Blake's agent, Gary Fay, informed Los Caballeros that, due to a high loss ratio, INA was terminating its employer/liability-employee/medical policy with Los Caballeros. Fay's representations to Los Caballeros at that point, regarding the availability of employer liability and employee medical insurance, were disputed at trial. Fay testified that he told Los Caballeros that none of the companies *represented by his agency* were offering an employer/liability-employee/medical policy any longer, but that he could procure a worker's compensation policy which, although much more expensive, would keep Los Caballeros in compliance with Idaho labor law. On the other hand, Los Caballeros presented testimony and documentary evidence to show that Fay had represented to Los Caballeros that no employer/liability-employee/medical policies were available *at all* in the state of Idaho, and therefore, in order to comply with Idaho law, Los Caballeros would have to purchase the more expensive worker's compensation policy.

After its employer/liability-employee/medical coverage was cancelled by INS, Los Caballeros purchased a worker's compensation policy through Anderson–Blake. Premiums on the worker's compensation policy were substantially higher than the premiums had been for the employer/liability-employee/medical policy, since the worker's compensation policy covered additional risks. Premiums for the worker's compensation policy were assessed based on the insured's payroll. Los Caballeros paid an initial premium on the worker's compensation policy of $9,215, based on a

projected payroll of $100,000 for the policy period.

Subsequently, Anderson–Blake sued Los Caballeros for refusing to pay premiums allegedly due on seven insurance policies. Prior to trial, the parties reached an agreement as to Los Caballeros' liability for $11,483 in premiums on six of the policies. The only issue remaining at trial was whether Los Caballeros was liable for premiums on the worker's compensation policy. Anderson–Blake claimed Los Caballeros owed an additional $5,600 in premiums because the initial premium of $9,215 was based on a projected payroll of $100,000, while Los Caballeros' actual payroll amounted to $180,000. Although Los Caballeros never included misrepresentation in its pleadings, at trial Los Caballeros argued that Anderson–Blake had misrepresented to Los Caballeros that it had to purchase the worker's compensation policy because employer/liability-employee/medical policies could no longer be obtained in Idaho, when in fact Los Caballeros could have obtained a much less expensive employer/liability-employee/medical type policy through several insurance companies in Idaho.

After trial, the district court found that Fay had misrepresented to Los Caballeros that no employer/liability-employee/medical policies were available in the state of Idaho, when several insurance companies were in fact offering employer/liablity-employee/medical policies in Idaho at that time. The district court further found that Fay's misrepresentation was material, and Los Caballeros, in reasonable reliance on that misrepresentation, purchased a more expensive worker's compensation policy through Anderson–Blake. At the conclusion of its memorandum decision, the court stated that it was uninformed as to the issue of damages, and ordered the parties to schedule another hearing on that issue.

The district court held a hearing on the issue of damages on November 27, 1989. There is no record submitted to us of this hearing; however, the district court's memorandum decision reflects the fact that during the hearing Los Caballeros argued that the $11,483 it owed Anderson–Blake should be offset by the damages Los Caballeros suffered as a result of Anderson–Blake's misrepresentation. At trial, Los Caballeros presented evidence showing that at the time it purchased the worker's compensation policy through Anderson–Blake, it could have purchased an employer/liability-employee/medical policy from other Idaho insurance companies for approximately $4,163.28. Los Caballeros claimed that its damages resulting from Anderson–Blake's misrepresentation were the difference between what it paid for the policy that it purchased as a result of the misrepresentation, $9,215, and the amount it would have paid for the policy it really wanted, $4,163.28, which difference amounts to $5,051.72. Los Caballeros claimed that this amount, together with its costs and attorney fees should be offset against the $11,483 which it owed Anderson–Blake on the other policies.

Following the damages hearing, the court issued another memorandum decision on December 11, 1989, awarding Anderson–Blake $11,483 plus interest. The court further determined that while Los Caballeros was not required to pay the additional $5,600 claimed by Anderson–Blake as premiums due on the worker's compensation policy, Los Caballeros was not entitled to an offset of the $11,483 it owed Anderson–Blake on the other policies.

Thereafter, the parties entered into a Stipulation and Order on February 20, 1990, providing that Anderson–Blake would receive $11,483, and interest thereon at the rate of 12% per annum from December 30, 1987, less costs and attorney fees to Los Caballeros totalling $2,224. The Stipulation and Order further stated that a judgment should be entered consistent with the court's memorandum decision and the stipulation of the parties. The district court did enter judgment pursuant to the parties' stipulation on February 23, 1990. Los Caballeros now appeals that judgment, claiming that the district court's assessment of damages erroneously failed to offset the damages Los Caballeros sustained as a result of Anderson–Blake's misrepresentation. Anderson–Blake has cross-appealed,

challenging the district court's finding of misrepresentation, as well as the district court's assessment of damages. For the following reasons we affirm the judgment of the district court.

## ISSUES ON APPEAL

The parties have presented the following issues for resolution: (1) whether the district court erred in failing to offset Anderson–Blake's damage award by the amount by which its misrepresentation had harmed Los Caballeros; (2) whether Los Caballeros' failure to properly plead a cause of action for misrepresentation precludes the district court's findings on that issue; and (3) whether the district court's finding of misrepresentation was supported by substantial evidence. We will consider each of these issues in turn.

### 1. Assessment of Damages

■ Although Los Caballeros' assignment of error as to the district court's assessment of damages appears meritorious at first blush, Los Caballeros may not successfully challenge that assessment on appeal.

> It has long been the law in Idaho that one may not successfully complain of errors one has acquiesced in or invited. *Walling v. Walling,* 36 Idaho 710, 214 P. 218 (1923). Errors consented to, acquiesced in, or invited are not reversible. *Frank v. Frank,* 47 Idaho 217, 273 P. 943 (1929).

*State v. Owsley,* 105 Idaho 836, 838, 673 P.2d 436, 438 (1983).

It is very clear from the record that Los Caballeros entered into and filed a Stipulation and Order *before* the district court, requesting the district court to enter judgment according to the terms of the district court's memorandum decision of December 11, 1989, and the terms of the stipulation. The terms of the stipulation did not alter those ordered by the district court in its memorandum decision, but merely restated the terms ordered by the court with the addition of the applicable rate of interest and the amount of costs and attorney fees as agreed upon by the parties. The perti-

nent provisions of the Stipulation and Order are as follows:

> It is HEREBY STIPULATED AND AGREED by and between John S. Ritchie of the firm of Coleman, McIntyre, Ritchie & Robertson, attorney for plaintiff and counterdefendant, Anderson–Blake, Inc., and Michael McLaughlin of the McLaughlin Law Offices, attorney for defendant and counterclaimant, Los Caballeros, Ltd., as follows:
>
> . . . .
>
> 4. That from funds on deposit the Clerk of the District Court shall be ordered to pay the following amounts to the following persons:
>
> a. To the Coleman, McIntyre, Ritchie & Robertson trust account on behalf of plaintiff and counterdefendant Anderson–Blake, Inc.—the sum of $11,483 plus interest at the rate of 12% per annum pursuant to Idaho Code § 28–22–104 from December 30, 1987, until payment is made, less $2,224.00 costs and attorney's fees awarded to the defendant and counterclaimant. . . .
>
> . . . .
>
> 5. That Judgment shall be entered consistent with the Memorandum Decision of the Court entered December 11, 1989, and this Stipulation.

Even if we assume, without deciding, that the district court erred by not offsetting Anderson–Blake's award of $11,483 by the amount which Anderson–Blake's misrepresentation harmed Los Caballeros, that error was clearly invited by Los Caballeros when Los Caballeros entered into a Stipulation and Order adopting the district court's assessment of damages, and requesting the district court to enter judgment pursuant to the Stipulation and Order. Anderson–Blake has also challenged the district court's assessment of damages in its cross-appeal, and for the same reasons that portion of the cross-appeal is not well taken. In their Stipulation and Order, both parties specifically requested that the district court enter the judgment of damages which they now challenge. Neither party reserved its right, in the event of an appeal, to claim error in the district court's decision or judg-

ment. Pursuant to the above-cited rule regarding invited error, the district court's judgment as to damages is affirmed.

### 2. Failure to Plead Misrepresentation

Anderson–Blake argues that pursuant to I.R.C.P. 9(b) Los Caballeros was required to plead the circumstances constituting misrepresentation with particularity, and that its failure to plead misrepresentation at all precluded the district court from finding in favor of Los Caballeros on that claim. This argument ignores I.R.C.P. 15(b), which provides:

> When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

I.R.C.P. 15(b).

■ Pursuant to this rule, the Supreme Court has held that where a theory of recovery is tried fully by the parties, the court may base its decision on that theory and deem the pleadings amended accordingly. *M.K. Transport v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). Failure to amend the pleadings to include issues tried by the express or implied consent of the parties does not affect the trial court's findings on those issues. *Watson v. Idaho Falls Consol. Hosps.*, 111 Idaho 44, 48, 720 P.2d 632, 636 (1986). The Supreme Court has applied this rule to actions where the issues of fraud and mistake have been litigated, though not raised by the pleadings. *C.I.T. Corp. v. Hess*, 88 Idaho 1, 395 P.2d 471 (1964) (fraud); *Collins v. Parkinson*, 96 Idaho 294, 527 P.2d 1252 (1974) (mistake).

■ The determination of whether an issue not raised by the pleadings has been tried by consent of the parties is within the discretion of the trial court and such determination will only be reversed when that

discretion has been abused. *Smith v. King*, 100 Idaho 331, 335, 597 P.2d 217, 121 (1979). We find no abuse of discretion by the trial court in this case.

■ A review of the record reveals that the issue of misrepresentation was fully tried by the parties. In fact, misrepresentation was essentially the only dispositive issue litigated at trial. Clearly, Anderson–Blake had notice of the facts and circumstances surrounding Los Caballeros' claim of misrepresentation, and that issue was fully litigated by the parties at trial. To reverse the district court's finding of misrepresentation on the procedural technicality argued by Anderson–Blake would be contrary to the very purposes of Rule 15, which are:

> First, to allow the best chance for each claim to be determined on its merits rather than on some procedural technicality; and, second, to relegate pleadings to the limited role of providing parties with notice of the nature of the pleader's claim and the facts that have been called into question.

*Clark v. Olsen*, 110 Idaho 323, 326, 715 P.2d 993, 996 (1986). Because the issue of misrepresentation was fully litigated with the consent of the parties, the district court did not abuse its discretion in treating that issue as though it had been properly pled. Therefore, we will not disturb the district court's finding of misrepresentation.

### 3. Insufficient Evidence of Misrepresentation

■ Anderson–Blake also argues that the district court's finding of misrepresentation was not supported by sufficient evidence. To establish its claim of misrepresentation, Los Caballeros had the burden of showing:

> (1) a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the representation will be acted upon in a reasonably contemplated manner; (6) the listener's ignorance of its falsity; (7) the listener's reliance on the truth of the representation; (8) the listener's right to rely on the truth of the

representation; and (9) the listener's consequent and proximate injury.

*Galaxy Outdoor Advertising v. Idaho Transp. Dept,* 109 Idaho 692, 696, 710 P.2d 602, 606 (1986). The party alleging fraud has the burden of proving each of these elements by clear and convincing evidence. *Smith,* 100 Idaho at 334, 597 P.2d at 220. Whether fraud has been proven by clear and convincing evidence is for the trier of fact to determine. On appeal that determination will not be reversed where supported by competent, substantial, though conflicting evidence. *Smith,* 100 Idaho at 334, 597 P.2d at 220.

■ At trial, Fay testified that he told Frank Bryant, insurance procurement officer at Los Caballeros, that an employer/liability-employee/medical policy could not be obtained through any of the companies that Anderson–Blake represented. Bryant testified that Fay told him that employer/liability-employee/medical insurance policies were not available in the state of Idaho. Evidence was also presented showing that although Bryant had experience in the insurance industry, he was unfamiliar with Idaho law regarding insurance requirements for Los Caballeros' farming operation. Mr. Bryant was more familiar with California insurance law and therefore he relied on the expert advice of Anderson–Blake regarding Idaho requirements.

Los Caballeros introduced into evidence a letter, dated June 1, 1987, sent to Bryant by Fay, which stated in part:

> INA terminated the coverage for farm employees because of adverse loss experience on 5/20/85 and cancelled the entire Farm Policy on 6/21/87. INA is not writing any Farm Policies at this time because of adverse losses. At that time, there were no Insurance Companies in Idaho writing Employer Liability and Employee Medical. Our only possibility for Liability protection was with Workers Compensation which I placed with the Mission Insurance Company effective 5/20/85 with SAFECO providing the Property, Liability and Automobile Coverages. Keep in mind that SAFECO at that time refused to write the Employee

Medical and Employer Liability necessitating the Workers Compensation policy.

The district court specifically stated in its memorandum decision dated September 11, 1989, that based on the evidence presented at trial, it was *"clear* to this Court that Mr. Fay made a misrepresentation to Mr. Bryant [when he told Bryant that employer/liability-employee/medical coverage could not be obtained in Idaho]. In fact, employer liability and employee medical coverage was available in Idaho." The court further found that this representation was material and that it was reasonably and detrimentally relied on by Bryant.

After reviewing the record and trial transcript, we conclude that although the evidence is conflicting, there is substantial and competent evidence to support the trial court's finding of misrepresentation, and it is, therefore, affirmed.

## CONCLUSION

We hold that the parties are precluded from challenging on appeal the court's judgment as to damages when that judgment was entered pursuant to stipulation of the parties, without any reservation of the right to later assert error in the decision or judgment. Further, because the issue of misrepresentation was fully litigated by the parties, we will not dismiss the district court's findings on that issue on grounds that the issue was not properly pled. Finally, we hold that there was substantial and competent evidence to support the trial court's finding of misrepresentation. For the foregoing reasons, the judgment of the district court is affirmed.

No costs or fees are awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.