939 P.2d 582

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Kelo SMOKE, Defendant–Respondent.**

No. 22799.

Court of Appeals of Idaho.

May 28, 1997.

Alan G. Lance, Attorney General, L. La-Mont Anderson, Deputy Attorney General (argued), Boise, for plaintiff–appellant.

John M. Adams, Kootenai County Public Defender, J. Bradford Chapman, Deputy Public Defender (argued), Coeur d'Alene, for defendant–respondent.

PERRY, Judge.

Kelo Smoke was arrested and incarcerated in the Kootenai County Jail on September 28, 1995. Several hours after he was incarcerated, detention deputies Buhl and Thomas realized that Smoke had a cut on his wrist and decided to transport him to a medical center for possible treatment. After loading Smoke into a van, deputy Thomas attempted to fasten Smoke's seat belt. Smoke bit deputy Thomas on the arm. Deputy Buhl attempted to assist deputy Thomas, and Smoke also bit deputy Buhl on the hand.

Smoke was charged with two counts of felony battery on a correctional officer. I.C. § 18–915(c). Smoke moved to dismiss the charges, arguing that I.C. § 18–915(c) does not apply to county jailers. The record indicates that on December 27, 1995, Smoke moved to amend his motion to request a remand to the magistrate division and a reduction of the charges to a misdemeanor. At the hearing on Smoke's motion, the district court indicated that it was granting Smoke's motion for remand and a reduction of the charges. The prosecutor, however, requested "that the court grant the motion to dismiss as opposed to the motion to remand." The district court proceeded to dismiss the charges, as requested by the state. The state appealed.

Smoke asserts that the state's appeal should be dismissed based on our Supreme Court's holding in State v. Owsley, 105 Idaho 836, 673 P.2d 436 (1983). We agree. In Owsley, the defendant was charged with delivery of a controlled substance. The defendant moved to dismiss the charge or, in the alternative, to reduce the charge to possession of a controlled substance. The prosecutor requested that the trial court dismiss the case if the court was inclined to grant the defendant's motion to reduce the charge. The trial court granted the state's request, and dismissed the charge rather than reducing it. The state appealed. The Idaho Supreme Court dismissed the state's appeal, holding that because the state requested the trial court "to dismiss the charge, [the State] has invited the very error of which it now complains. Thus, even if the trial court erred in granting the dismissal, the State is foreclosed on appeal from contending that the dismissal was erroneous." Id. at 838, 673 P.2d at 438.

In light of Owsley, we hold that because the state requested the district court to dismiss the charges, as opposed to a reduction of the charges and remand to the magistrate division, the state has invited the error of which it now complains. Thus, the state is foreclosed from contending that the dismissal of the charges was erroneous. Accordingly, the state's appeal is hereby dismissed.

WALTERS, C.J., and LANSING, J., concur.