41 P.3d 750

Jeffrey A. STROTHER, Plaintiff–
Respondent–Cross–Appellant,

v.

Margaret L. STROTHER, Defendant–
Appellant–Cross–Respondent.

No. 27149.

Court of Appeals of Idaho.

Feb. 8, 2002.

Debrha Carnahan Law Offices, Boise, for appellant.

Debrha J. Carnahan argued.

Jeffrey A. Strother, Boise, pro se respondent.

LANSING, Judge.

Margaret Strother (Peggy) and Jeffrey Strother (Jeff) appeal and cross-appeal, respectively, from the decision of the district court affirming the magistrate's modifications to their divorce decree.

## I.

### FACTS AND PROCEDURAL HISTORY

Jeff and Peggy were married in 1977. In 1998, Jeff filed for divorce. The parties avoided a trial by stipulating to a property division, which was incorporated into the divorce decree. At issue in this appeal is a provision apportioning the couple's pre-divorce tax liability and an account with money set aside for tax payment. That provision reads:

2.4 With regards to the item described as "Tax Reserve Money Market" on Page 2, shall be held and divided subject to the following:

a. All taxes attributable to the parties' income for 1999 up to June 4, 1999 shall be paid one-half by Jeff and one-half by Peggy.

b. $66,035 of the funds in the reserve account shall be held in an account which requires the signatures of both parties. Those funds shall be utilized for payment of the taxes attributable to 1999 up to June 4, 1999. These taxes shall include income, social security, self-employment, and employment taxes.

c. The difference between $66,035 and the balance in the tax reserve account shall be divided equally between Jeff and Peggy upon entry of this Decree of Divorce.

d. If there is any balance remaining of the $66,035 after payment of all taxes referred to herein, said remaining balance shall be divided equally between Jeff and Peggy.

The account contained $86,777.91 on June 4, 1999.

One month after the decree was entered, Jeff sent Peggy a check for $10,371.46 (Check No. 1) which contained a notation that it was tendered in satisfaction of Jeff's obligations under paragraph 2.4(c). Peggy declined to negotiate the check.

In November, Jeff filed a motion for relief from judgment pursuant to Idaho Rule of Civil Procedure 60(b). His affidavit stated that it had been impossible to find a true two-signature account—one where the bank would guarantee not to cash a check with only one signature—as required by paragraph 2.4(b). He asked the magistrate to relieve him of the duty of finding such an account and to instead divide the money according to the respective parties' estimated tax liabilities. In a hearing on January 4, 2000, the magistrate granted Jeff's motion.

The magistrate ordered the tax account divided as Jeff requested after Peggy's attorney agreed with the division.

Jeff's affidavit in support of his motion for relief from judgment also addressed his tender of the $10,371.46 check and requested that the magistrate hold that he had made a proper tender of what he owed pursuant to paragraph 2.4(c). Peggy argued to the magistrate that Check No. 1 was inadequate because it did not include interest accrued since the date the divorce decree was entered. The magistrate rejected her argument for lack of evidence. The magistrate then determined that there were no improper conditions on the check and then held that Jeff could retain the money because Peggy had unjustifiably refused the tender.

On January 7, Jeff sent Peggy a second check for $26,283.20 (Check No. 2), which was Peggy's share as determined at the January 4 hearing. Jeff wrote on the check that it was in payment of all sums ordered by the court on January 4. According to Peggy, she feared that if she rejected this check with its restrictive terms, the magistrate court would find that her claim to the money was extinguished as the court had with respect to Check No. 1. Therefore, Peggy negotiated the check, but she also filed a motion to reconsider the magistrate's orders at the January 4 hearing and filed a notice of appeal to the district court. Before the appeal was heard, the magistrate granted Peggy's motion to reconsider in part. The magistrate court concluded that it had erred previously in holding that Peggy's rejection of Check No. 1 had extinguished her claim to that sum. Therefore, the magistrate ordered Jeff again to pay to Peggy the amount covered by the rejected Check No. 1. Jeff appealed to the district court from this order.

The district court rejected both appeals, affirming the magistrate's order on reconsideration with respect to Check No. 1 and otherwise affirming the magistrate's orders made at the January 4 hearing. Peggy now appeals to this Court, and Jeff cross-appeals.

## II.

## DISCUSSION

### A. Check No. 1

█ For reasons that are not clear to this Court, Peggy raises as her first issue on appeal the question whether rejection of Jeff's tender of Check No. 1 discharged or extinguished the underlying obligation for Jeff to pay that sum. Although the magistrate initially ruled at the January 4 hearing that Peggy's rejection of Check No. 1 discharged Jeff's obligation, on Peggy's motion for reconsideration the magistrate reversed itself and ordered Jeff to repay that amount. That ruling on reconsideration was affirmed by the district court.[1] For that reason, we can perceive no *adverse* ruling that Peggy is appealing from and no relief that this Court could offer.[2]

### B. Division of Tax Liability and the Tax Reserve Account

█ Peggy also appeals from the magistrate's order dividing the $66,035 in the tax reserve account. We conclude that this issue was not preserved for appeal because it was waived below. At the January 4 hearing on Jeff's motion, Peggy expressly agreed to the division proposed by Jeff and ordered by the magistrate court. It has long been the law in this state that an appellant cannot complain of error that she has acquiesced in or invited. *Frank v. Frank*, 47 Idaho 217, 273 P. 943 (1929); *Anderson–Blake, Inc. v. Los Caballeros, Ltd.*, 120 Idaho 660, 664, 818 P.2d 775, 779 (Ct.App.1991). Therefore, the division of tax liability and the tax reserve account is affirmed.

---

1. Jeff conceded to the district court that he could locate no authority supporting the magistrate's initial ruling that the $10,371.46 debt was extinguished by the rejected tender. Likewise, Jeff has provided this Court with neither argument nor authority to that effect, and he does not challenge the merit of the magistrate's ultimate ruling on that issue on the reconsideration motion.

2. At oral argument, Peggy argued for the first time that she is entitled to interest accrued on the balance in the tax reserve account so that she should receive more than the amount included in Check No. 1. However, this claim was not presented in her appellate brief. Issues on appeal must be set out in the appellant's opening brief, and new issues may not be raised at oral argument. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). Therefore, we will not consider Peggy's claim for interest.

## C. Accord and Satisfaction Arising from Check No. 2

In his cross-appeal, Jeff challenges the magistrate's order granting Peggy's motion for reconsideration of the January 4 order that discharged Jeff from liability for the sum covered by Check No. 1. Jeff argues that the doctrine of accord and satisfaction precluded Peggy's claim to the sum covered by Check No. 1 because she negotiated Check No. 2. Jeff's argument is predicated on a notation on Check No. 2 stating, "Pmt of all sums required by Orders of 1/4/00" and a statement in an accompanying letter saying, "This discharges my obligations under Judge Day's rulings at the hearing on January 4, 2000." Jeff asserts that these conditions on his tender of Check No. 2 constituted an offer of an accord and satisfaction of all Peggy's claims to the money in the tax reserve account, as referenced in paragraph 2.4 of the divorce decree. Peggy's negotiation of Check No. 2, Jeff contends, was an acceptance of this offer.

■ "Accord and satisfaction is a method of discharging a contract or cause of action, [w]hereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement and the 'satisfaction' its execution or performance." *Fairchild v. Mathews*, 91 Idaho 1, 4, 415 P.2d 43, 46 (1966). *See also Holley v. Holley*, 128 Idaho 503, 507, 915 P.2d 733, 737 (Ct.App.1996).

Whether acceptance of a negotiable instrument effects an accord and satisfaction is governed by Idaho Code § 28-3-310, which states in pertinent part:

(1) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(2) ... the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompa-

nying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

. . . .

We have held that the elements of an accord and satisfaction under I.C. § 28-3-310 are:

1) [The obligor], in good faith, tendered an instrument to [the obligee] as full satisfaction of the claim; 2) the amount of the claim was unliquidated or subject to a bona fide dispute; 3) [The obligee] obtained payment of the instrument; and 4) the instrument contained a conspicuous statement to the effect that it was tendered as full satisfaction of the claim.

*Holley*, 128 Idaho at 508–09, 915 P.2d at 738–39.

■ Because the fourth of these elements is not shown in the present case, Jeff's accord and satisfaction argument fails. In order for acceptance of a check to create an accord and satisfaction, the notation on the check or an accompanying writing must express in plain, definite, and certain terms that the debtor is giving such check in full satisfaction of the debt and that acceptance thereof discharges the debt. *Ashby v. Hubbard*, 100 Idaho 67, 69, 593 P.2d 402, 404 (1979); *Holley*, 128 Idaho at 508, 915 P.2d at 738. Neither Jeff's Check No. 2 nor the accompanying letter contained a plain, definite, and certain statement that acceptance thereof would settle the dispute regarding Check No. 1. Rather, the notations indicated only that Check No. 2 covered the payments *ordered in the January 4 hearing*. The debt Jeff seeks to avoid under the doctrine of accord and satisfaction was not due under that order. To the contrary, it had been determined to no longer exist and was not reborn until the magistrate court reversed itself upon Peggy's motion for reconsideration several months later. Consequently, the restrictive notation on Check No. 2 and the language in Jeff's letter did not put Peggy on notice that Jeff intended to offer an accord and satisfaction discharging Peggy's claim for the debt covered by Check No. 1.[3]

Jeff also argues that Peggy should not have been allowed to bring a motion for

---

3. Peggy asserts that she was placed in an untenable position by the combination of Jeff's notation

on Check No. 2 and the magistrate's initial Janu-

reconsideration after accepting payment of the "judgment" ordered on January 4, 2000. For this argument, he analogizes a motion for reconsideration to an appeal of the same ruling.

In some situations, acceptance of payment of a judgment acts as a bar to an appeal challenging the sufficiency of that judgment. Specifically, if a judgment creditor appeals claiming an insufficient award of damages, and if by pursuing the appeal the creditor risks recovering less than the existing judgment, acceptance of payment by the creditor creates an accord and satisfaction of the entire claim. *Basic American, Inc. v. Shatila*, 133 Idaho 726, 745, 992 P.2d 175, 194 (1999). However, if the creditor does not risk obtaining a less favorable judgment on appeal, then acceptance of payment is not an accord and satisfaction and the creditor may appeal to seek a larger judgment. *Id.* Assuming, *arguendo*, the validity of equating a motion for reconsideration to an appeal, the foregoing doctrine would not bar Peggy's claim. Peggy's motion for reconsideration of the debt erroneously discharged by the magistrate's order of January 4 did not jeopardize her right to the other amounts Jeff was directed to pay by that order. Therefore, Peggy's negotiation of Check No. 2 did not bar her from presenting a motion for reconsideration of the magistrate's order regarding Check No. 1.

### D. Attorney Fees

Peggy requests that we grant her attorney fees on appeal pursuant to I.C. § 12–121 and I.R.C.P. 54, which authorize an award of attorney fees to the prevailing party on appeal when the appeal has been brought, pursued or defended frivolously, unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We decline to do so. Peggy raised two issues on appeal, neither of which had merit. The only issue on which she prevailed was Jeff's cross-appeal. Because Peggy cannot be characterized as a prevailing party on appeal, and because Jeff's response to her appeal cannot be characterized as frivolous, we will not grant her request for attorney fees.

### III.

### CONCLUSION

The orders of the magistrate from which the appeal and cross-appeal have been taken are affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

ary 4 ruling that her refusal of Check No. 1 had discharged Jeff's obligation covered by that check. The requirement of I.C. § 28–3–310(1)(i) that the tender be made in good faith may prevent formation of an accord and satisfaction where the tender is made in coercive circumstances. *See* Uniform Commercial Code Official Comment No. 4 to I.C. § 28–3–310. Because of our ruling that the statements on Check No. 2 and the accompanying letter were inadequate, we do not reach the question whether the alleged compulsion for Peggy to negotiate Check No. 2 would prevent the application of the doctrine of accord and satisfaction.