**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44324**

| | | |
|---|---|---|
| **PAMELA SUE WALTON, fka GOTCH,** | ) | **2017 Unpublished Opinion No. 448** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: April 26, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL L. GOTCH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge. Hon. Randall W. Robinson, Magistrate.

Order of the district court on intermediate appeal, affirming the order of the magistrate, <u>affirmed</u>.

Magyar, Rauch & Associates, PLLC; Gregory R. Rauch, Moscow, for appellant.

Jennifer A. Ewers, Moscow, for respondent.

_____

GRATTON, Chief Judge

Pamela Sue Walton appeals from the district court's order on intermediate appeal affirming the order of the magistrate. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Walton and Michael Gotch have two children, A.G. and E.G. The magistrate awarded shared custody of the children to Walton and Gotch in their divorce. Thereafter, both Walton and Gotch moved to modify custody; the magistrate denied their motions. Both Walton and Gotch again moved for modification. The magistrate awarded primary custody to Gotch. Six months later, Walton again moved to modify custody. Midway through a hearing on the motion, the parties stipulated to keep primary custody with Gotch. Gotch sought attorney fees for work

1

completed as a result of Walton's third motion to modify custody. The magistrate found Walton unreasonably brought her motion and awarded attorney fees to Gotch.

Walton appealed to the district court, and the district court affirmed the magistrate. Walton timely appeals the district court's order.

## II.

## ANALYSIS

Walton argues the magistrate committed reversible error by relying on testimony that was impermissible as either expert or lay witness testimony. Walton also argues the magistrate abused its discretion in holding she unreasonably brought her motion to modify custody and in awarding attorney fees to Gotch. Gotch seeks attorney fees on appeal.

**A.      Counselor Testimony**

Walton argues the magistrate committed reversible error by relying on testimony from Walton and Gotch's co-parenting counselor, Andrea Masom. At the hearing on Walton's third motion to modify custody, Masom, Gotch's witness, testified that Walton was invested in A.G. "being dysfunctional, particularly while she lived with her father, because then that would make her father look bad." Walton asserts this testimony was impermissible as either expert or lay witness testimony. According to Walton, the testimony was impermissible as expert testimony because Masom "could not point to a single study, article, publication, or colleague . . . [or] any specific knowledge or training." Thus, Walton asserts the testimony was not based on scientific, technical, or specialized knowledge that would assist the trier of fact. Walton asserts the testimony was impermissible as lay witness testimony because Masom never met A.G. and, therefore, the testimony was not rationally based on Masom's perception.

Walton's argument fails for several reasons. First, Walton's argument is irrelevant to the basis for her appeal. Walton appeals from the order of the district court affirming the magistrate's order, which awarded attorney fees to Gotch. At the time Walton filed her third motion to modify custody, Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e)(1) allowed a court to award attorney fees to the prevailing party in a civil action if the court found the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. In this case, the magistrate awarded attorney fees to Gotch because it found Walton unreasonably brought her motion to modify custody. Thus, Walton's appeal should necessarily focus on why her motion was reasonably brought, not Gotch's response to her motion through a witness or the

2

competency of his evidence.  As Gotch's witness, Masom's testimony is irrelevant to whether Walton reasonably brought her motion to modify custody.  Second, Walton did not object to Masom's testimony about A.G. being dysfunctional or otherwise assert the testimony was impermissible as either expert or lay witness testimony before the magistrate.  Generally, issues not raised below may not be considered for the first time on appeal.  *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).  Because Walton did not raise this issue below, she has waived consideration of it on appeal.  Finally, Walton did not present this issue to the district court.[1]  Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court.  *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993).   Accordingly, we will not address this issue further.

**B.      Abuse of Discretion**

Walton also argues the magistrate abused its discretion in holding Walton unreasonably brought her motion to modify custody.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason.[2]  *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

---

[1]      Walton asserts she did present this issue to the district court.  While Walton briefly asserted at oral argument that Masom "was not qualified as an expert," Walton did not otherwise raise the issue in her briefs or at oral argument.  "Issues on appeal must be set out in the appellant's opening brief, and new issues may not be raised at oral argument."  *Strother v. Strother*, 136 Idaho 864, 866 n.2, 41 P.3d 750, 752 n.2 (Ct. App. 2002).  Walton's cursory treatment of the issue at oral argument in the district court did not preserve the issue for appeal to this Court.

[2]      We note that Walton failed to address these factors.  Walton merely points out that "the standard of review regarding the appealed matter is an abuse of discretion."  Our Supreme Court has held that such a "conclusory argument is 'fatally deficient.'"  *Idaho v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (quoting *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016)).  However, Walton's argument that the district court abused its discretion also fails on its merits.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

As noted, at the time Walton filed her third motion to modify custody, I.C. § 12-121 and I.R.C.P. 54(e)(1) allowed a court to award attorney fees to the prevailing party in a civil action if the court found the case was brought, pursued, or defended frivolously, unreasonably, or without foundation.

> When deciding whether the case was brought, pursued, or defended frivolously, unreasonably, or without foundation, the entire course of the litigation must be taken into account. Thus, if there is a legitimate, triable issue of fact, attorney fees may not be awarded under I.C. § 12-121 even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation. Although an award of attorney fees under the statute is discretionary, the award must be supported by findings, and those findings, in turn, must be supported by the record.

*McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003) (citations omitted).

In her motion to modify custody, Walton asserted the children had "failed to thrive academically" since the magistrate awarded primary custody to Gotch.[3] The magistrate found Walton unreasonably brought her motion because she failed to reasonably investigate before moving to modify custody, moved to modify custody just six months after the magistrate awarded primary custody to Gotch, continued to alienate the children from Gotch, and had not progressed in co-parenting.

---

[3] Walton also asserted Gotch "failed to maintain counseling for [A.G.]" in her motion. However, the magistrate found Gotch had trouble arranging counseling for A.G. because A.G.'s counselor had abruptly closed her practice. Further, the magistrate found the counseling issue was resolved before Walton moved to modify custody. Walton does not challenge the magistrate's findings regarding A.G.'s counseling on appeal.

Walton argues the magistrate abused its discretion by basing its findings "on past impressions of [her] and not on the facts as they were presented through testimony at the hearing on [her] motion." According to Walton, the record shows she progressed in her relationships with school personnel and reasonably investigated the children's grades before filing her motion. Specifically, Walton asserts the record shows she regularly met with school personnel, checked grades online, and reviewed schoolwork. Walton also argues her motion set forth a legitimate, triable issue of fact about whether a custody modification would have helped the children in school. According to Walton, the record demonstrates that the children were failing in school and Gotch was not helping them.

The magistrate based its conclusion that Walton unreasonably brought her motion to modify custody on findings that were supported by substantial and competent evidence in the record. The magistrate found that Walton had failed to investigate Gotch's involvement in the children's education and the children's overall performance in school before moving to modify custody. Testimony from the children's teachers and principal supported this finding. This testimony showed that Gotch was quite involved in the children's education; the children's problems in school did not begin when the magistrate awarded primary custody to Gotch; and, despite poor grades, the children's overall performance and A.G.'s attitude had improved. The magistrate also found that Walton continued to alienate the children from Gotch and had not progressed in her co-parenting. Testimony from A.G.'s counselor, Jessica Viergutz, and Masom supported these findings. Viergutz testified that A.G.'s loyalty to Walton interfered with A.G.'s relationship with Gotch. Masom testified that this was Masom's only case in more than ten years of co-parenting counseling that had not resulted in the parents working together and that Walton stopped coming to co-parenting counseling and sought to undermine Gotch.

Based on the testimony at the hearing on the motion, the magistrate did not abuse its discretion in awarding attorney fees to Gotch. Substantial and competent evidence in the record supported the magistrate's findings of fact and those findings of fact supported the award and conclusion that Walton unreasonably brought her motion to modify custody. Because the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

## C.     Attorney Fees on Appeal

Gotch seeks attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. "When there are fairly debatable questions attorney fees are not awardable pursuant to [I.C. § 12-121.]" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 141 Idaho 537, 542, 112 P.3d 825, 830 (2005). "An award of attorney fees is appropriate if the appellant simply invites the appellate court to second-guess the trial court on conflicting evidence." *Gustaves v. Gustaves*, 138 Idaho 64, 71, 57 P.3d 775, 782 (2002).

We award attorney fees to Gotch on appeal. Walton has not raised any issues on appeal that could be considered "fairly debatable." *See Dixon*, 141 Idaho at 542, 112 P.3d at 830. Walton did not properly raise the issue regarding Masom's testimony before either the magistrate or the district court. Further, that issue is not relevant to the basis for her appeal. Finally, Walton's argument that the magistrate abused its discretion simply invites this Court to second-guess the magistrate. Walton unreasonably brought this appeal. Accordingly, we award attorney fees on appeal to Gotch.

## III.
## CONCLUSION

Walton did not properly raise the issue regarding Masom's testimony before either the magistrate or the district court. Further, that issue is not relevant to the basis for her appeal. The record supported the magistrate's findings, and the magistrate's findings supported its award of attorney fees. Thus, the magistrate did not abuse its discretion. We affirm the district court's order on intermediate appeal affirming the order of the magistrate, and we award costs and attorney fees on appeal to Gotch.

Judge MELANSON and Judge HUSKEY **CONCUR**.

6