770 P.2d 806

**In the Matter of the ESTATE OF James Gregg ROLL, Deceased.**

**Alvah J. ROLL and Henry H. Roll, Plaintiffs–Appellants,**

v.

**Lola M. ROLL, Richard L. Roll, and Elizabeth J. Roll, Defendants–Respondents.**

No. 17185.

Supreme Court of Idaho.

March 23, 1989.

**798**

Randolph E. Farber, Nampa, for plaintiffs-appellants.

Risch, Goss, Insinger & Salladay, Boise, for defendants-respondents. Lawrence E. Kirkendall, argued.

SHEPARD, Chief Justice.

This is an appeal from a district court order which affirmed the decision of the magistrate court. The central question to be resolved is whether the court erred when denying the appellants' motion for a judgment notwithstanding the verdict. Incident to that determination is whether attorney fees are due the respondents for the defense of the former appeal to the district court, and for this subsequent appeal. Such fees were awarded at the district court level. We affirm the denial of appellants' motion for judgment notwithstanding the verdict and we hold that respondents are entitled to an award for their reasonable attorney fees for this and the earlier appeal.

The decedent-testator, James Gregg Roll, was the father of the litigants. On July 6, 1983, the respondents presented a writing that purported to be the last Will and Testament of James Gregg Roll. This instrument was in the handwriting of Richard L. Roll, was witnessed by Richard L. Roll and Elizabeth J. Roll, and was signed by the decedent. It was accepted for probate, and letters of administration were issued to Richard L. Roll and Lola M. Roll. The appellants, Alvah J. and Henry H. Roll, brothers to the respondents, filed an Objection to the Petition for Formal Probate of Will, citing the seemingly disproportionate share granted to Elizabeth J. and Lola M. Roll, and moved for the appointment of a special administrator. The motions were denied.

Appellants noted, and it appears uncontroverted, that the contested instrument was drafted, witnessed, and held for safekeeping by the respondents without the benefit of outside legal counsel or third-party witnesses.

At trial, Richard L. Roll testified to the active part that his ninety-year-old, sight-impaired father played in "walking off" the farm acreage, writing out the complex legal description, and executing the contest-

ed instrument. The decedent's eye doctor testified for the appellants that James Gregg Roll was legally blind, and would have had difficulty performing these tasks. The appellants asserted that their father was almost deaf and would have had trouble hearing the will read to him. They alleged that the events attested to by Richard L. Roll were highly improbable occurrences, and should be read as indica of undue influence. On these facts and testimony, it was asserted that respondents violated the position of trust and confidence that they occupied in their dual role as drafters of the will and sole witnesses to its execution.

Based on that conflicting testimony, and that of numerous witnesses for each side, including the decedent's eye doctor, minister, neighbors, and various family members, the jury found the will to be valid. The appellants moved for a judgment notwithstanding the verdict, citing the alleged incredible nature of respondents' testimony, and the use of improper jury instructions. The court issued an order denying the appellants' motions and affirming the jury verdict as rendered.

On appeal to the district court it was held that substantial, competent evidence existed for the verdict, that the jury instructions on the whole were neither misleading nor prejudicial, and the judgment of the magistrate court was affirmed. Also, the district court held that respondents were entitled to their attorney fees and costs. Attorney fees were awarded because the appeal was viewed by the court as a mere invitation to second guess the jury. Costs were awarded to respondents as the prevailing party.

■ The law regarding undue influence is a necessary prelude to our analysis of the jury instructions applied at trial. In Idaho, undue influence is recognized where sufficient evidence has been presented that indicates a testator's (testatrix's) free agency has been overcome by that of another. *King v. MacDonald*, 90 Idaho 272, 279, 410 P.2d 969, 973 (1965), citing *In re Eggan's Estate*, 86 Idaho 328, 386 P.2d 563 (1963) and *In re Lunder's Estate*, 74 Idaho 448, 263 P.2d 1002 (1953). Moreover, where parties occupy the dual role of fiduciary and beneficiary, or where the fiduciary has been actively involved in will preparation or as witnesses, Idaho law creates a rebuttable presumption of undue influence. *See* I.C. § 15–2–501, et seq. Thereafter, the burden rests with the proponent to rebut that presumption.

■ To rebut the presumption, the proponent must come forward with that quantum of evidence that tends to show that no undue influence existed. Once that burden has been met, the matter becomes one for the trier of fact. The existence of undue influence will be determined accordingly, and on appeal such determination will only be disturbed if not supported by substantial, competent evidence. *King v. MacDonald*, 90 Idaho at 280, 410 P.2d at 977.

■ In the instant case, after a review of the proponents' evidence, it is our view that the presumption of invalidity was overcome. Witnesses that knew the decedent in various capacities, testified that he was a strong-willed and independent individual, who notwithstanding his age and frailties, was unlikely to be overborne by the respondents.

Since both parties were given an ample opportunity to present their cases, we will not disturb the jury verdict unless we find that the jury was erroneously instructed as to the undue influence issue. The appellants have raised objections to the use of Instructions No. 15 and 16. These instructions define "confidential relationship," and explain the Idaho presumption of undue influence where fiduciaries have engaged in certain self-serving activities or have assisted in the preparation of the will.

■ Our review of jury instructions is limited to a determination of whether the jury instructions, when considered as a whole, and not individually, do fairly and adequately present the issues and state the applicable law. After review of the entire set of jury instructions used at trial, we conclude that the jury was given a fair and accurate reading of the law in Idaho. We stop short of an endorsement of these particular instructions because we do not view

them as models of clarity. But, we hold that these instructions do adequately present the issues and state the law. *McBride v. Ford Motor Co.*, 105 Idaho 753, 760, 673 P.2d 55, 62 (1983), citing *Davis v. Bushnell*, 93 Idaho 528, 465 P.2d 652 (1970) and *Blaine v. Byers*, 91 Idaho 665, 429 P.2d 397 (1967).

Finally, the appellant urges that the district court awarded the respondents attorney fees in error, and that respondents are not due a similar award on this appeal. The appeals did nothing more than invite the Court to second guess the jury verdict. Both parties did thoroughly argue their positions at trial. In finding that no undue influence had tainted the proffered will, we can only conclude that the jury, for whatever reason, found the respondents' argument more believable.

Contrary to the appellants' assertions, Idaho has sufficiently settled the undue influence question so as to make a new legal proclamation unnecessary. That law was fairly and accurately presented in the jury instructions used at trial. Thus, we find the appellants' challenge to the jury instructions without merit.

In Idaho, the standard for determining instances where attorney fees should be granted has been recently reiterated in *Booth v. Weiser Irrigation District*, 112 Idaho 684, 687, 735 P.2d 995, 998 (1987), where the Court stated: "[a]ttorney fees are awardable if an appeal does no more than simply invite an appellate court to second-guess the trial court on conflicting evidence, or if the law is well settled and appellants have made no substantial showing that the district court misapplied the law." *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979) and *Davis v. Gage*, 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985).

Consistent with our holding in *Booth*, we hold that both requirements have been met. We affirm the trial court's order denying the motion for judgment notwithstanding the verdict. We affirm the award of attorney fees by the district court. On this appeal we award attorney fees to respondent. Costs to respondent.

BAKES, BISTLINE and JOHNSON, JJ., concur.

HUNTLEY, Justice, dissenting.

I dissent from the award of attorney fees because some issues were presented in good faith in a close factual call.

I concur with the remainder of the opinion.