794 P.2d 1148

**Melvin Dean MOELLER, Plaintiff–Appellant,**

v.

**Bill HARSHBARGER and Marjorie Ann Harshbarger, husband and wife, Defendants–Respondents.**

No. 18102.

Court of Appeals of Idaho.

July 2, 1990.

Smith & Beeks, Twin Falls, for plaintiff-appellant. Paul M. Beeks argued.

Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-respondents. Warren E. Jones argued.

WALTERS, Chief Judge.

Melvin Moeller brought this action for damages resulting from a personal injury caused by Marjorie Ann Harshbarger. Although the trial court found in Moeller's favor and awarded him judgment in the amount of $56,956.73, together with costs, the court refused to award damages for lost income or for permanent disability. On appeal from the judgment, Moeller challenges the trial court's decision not to award him relief on those claims. We affirm the judgment as entered.

The facts may be summarized as follows. On June 2, 1986, a vehicle driven by Marjorie Ann Harshbarger collided with the rear-end of Moeller's vehicle while he was stopped at a traffic light. Moeller experienced pain in the area of his neck shortly after the incident and immediately sought medical treatment. Moeller's condition deteriorated and he was unable to work within two days following the accident. Moeller returned to work November 10, 1986. The following summer, Moeller was again forced to stop work when his doctor determined surgery was required to relieve the pain Moeller was experiencing. On August 2, 1987, Moeller received bi-level cervical fusion surgery. Moeller was unable to work until October 28, 1987.

Moeller initiated this action to recover money damages due to injuries resulting from the accident. The trial court found that the accident proximately caused an aggravation of a pre-existing condition—

cervical spondylosis—which Moeller had at the time of the accident. Reasoning that the evidence was insufficient to establish what portion of Moeller's condition was attributable to the traffic accident and what portion was attributable to the pre-existing condition, the trial court concluded that Harshbarger was liable "for all of the damages suffered as a result of [Moeller's] condition." The trial court awarded Moeller damages for medical expenses, loss of enjoyment of life, pain and suffering, and anxiety over not being able to work. However, the trial court declined to award money damages for lost income—despite finding that Moeller was unable to work for thirty-seven weeks and two days, as a result of the accident. The court held that a precise amount could not be ascertained from the evidence and therefore was too speculative. The trial court further found that—as a result of the cervical fusion surgery—Moeller has a permanent loss of motion in his cervical spine. However, the court concluded that Moeller should not recover any damages for alleged permanent disability.

On appeal, Moeller contends that the court erred in holding that there was insufficient evidence to remove the amount of lost income from the realm of speculation. Moeller also argues that the court erred when it failed to award damages for his permanent loss of motion. We address each issue in turn.

■ We begin by examining the trial court's decision to not award damages for lost income. A trial court's award of general damages is reviewed under the deferential standard of clear error. *Idaho Falls Bonded Produce and Supply Co. v. General Mills Restaurant Group, Inc.*, 105 Idaho 46, 665 P.2d 1056 (1983); *Viehweg v. Thompson*, 103 Idaho 265, 647 P.2d 311 (Ct.App.1982) (review denied). Here, the trial court concluded that, while the plaintiff did lose some wages because of the accident, he did not have a past work record that would enable the court to find, with reasonable certainty, that he lost any particular amount. Damages for lost earnings must be shown with reasonable cer-

tainty; compensatory awards based upon speculation and conjecture will not be allowed. *Patino v. Greg and Anderson Farms*, 97 Idaho 251, 542 P.2d 1170 (1975); *see also Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979).

Moeller testified that he was a commissioned salesman. Moeller further testified as to the average weekly gross income he was receiving at the time of the accident, the gross income he received later with another employer when he returned to work in November, 1986, and the amount of his gross income when he subsequently became self-employed in October, 1987 following surgery in August, 1987. On cross examination however, Harshbarger's attorney requested evidence of expenses which would be deducted from the gross income amounts. For reasons undisclosed by the record Moeller never produced that information. Without such information the trial court was unable to determine, other than by speculation, the net amount of Moeller's lost wages. We hold that the trial court did not clearly err in holding that Moeller was unentitled to damages for lost wages because such an award would have been speculative.

■ We next examine Moeller's contention that the court erred in failing to award damages for permanent disability. As noted, the trial court held the defendants liable for all damages stemming from the surgery. The court found that Moeller had suffered a loss of enjoyment of life. The trial court also found Moeller still suffered neck and lower back pain, but that this was no longer caused by the accident in any way. The trial court further found that Moeller, as a result of the surgery, had a permanent loss of motion in his spine. Finally, in determining that Moeller was not entitled to damages for any future loss or suffering, the trial court held:

> Plaintiff is not prevented from doing any work because of the accident. His loss of enjoyment of life is now caused by the pain no longer caused by the accident, not by the permanent loss of motion as a result of the surgery. No future pain and suffering will be caused by the sur-

gery. Accordingly, plaintiff should not recover any future damages for alleged permanent disability.

While the sentence structure in this paragraph is flawed, the only reasonable interpretation of the trial court conclusion is that the accident did not proximately cause Moeller's permanent loss of motion; instead, the permanent loss of motion was an inevitable result of the pre-existing condition. Implicit in the court's holding is the finding that, by the time of trial, Moeller's condition was the same as that which would have resulted from the pre-existing condition, had no accident occurred. In sum, the court found that Moeller was not permanently disabled as a result of the accident. Accordingly, the judge decided Moeller was not entitled to damages for permanent injury.

In reviewing this interpretation, we examine the record to determine whether there was substantial evidence to support the conclusion that the traffic accident was not the proximate cause of Moeller's permanent loss of motion. *Viehweg, supra.* We hold that the record does so indicate.

Consequently, the judgment of the district court is affirmed. Costs to respondents; no fees on appeal allowed.

BURNETT and SWANSTROM, JJ., concur.