823 P.2d 167

Wade LAMBERT, Plaintiff–Respondent,

v.

Brent HASSON, Defendant–Appellant.

No. 18566.

Court of Appeals of Idaho.

Dec. 23, 1991.

Elam, Burke & Boyd, Boise, for defendant-appellant. Robert M. Tyler, argued.

Bench Law Offices, Boise, for plaintiff-respondent. Garry L. Gilman, argued.

SILAK, Judge.

Wade Lambert and Brent Hasson were injured when Hasson's station wagon struck the rear of Lambert's one-ton truck on the evening of October 16, 1985, near Highway 55 and Hill Road in Ada County. Lambert sued and Hasson counterclaimed, each alleging that the negligence of the other caused the collision, and each seeking to recover for the personal and property damages they sustained as a result of the collision. A jury found that the collision occurred as a result of Hasson's negligence, and awarded Lambert $150,379.19 in personal and property damages. Hasson appealed, claiming the district court erred when it: (1) refused to give the jury certain instructions proposed by Hasson; (2) denied Hasson's motion for a partial directed verdict on certain damages claimed by Lambert; and (3) gave the jury instructions allowing the jury to award Lambert dupli-

cative damages. For the reasons set out below, we affirm.

Wade Lambert and Brent Hasson were injured when Hasson's car collided into the back of Lambert's truck near the intersection of Highway 55 and Hill Road in Ada County. Lambert sued Hasson claiming that Hasson's inattentiveness caused the accident. Hasson counterclaimed asserting that Lambert's failure to display the lights on his truck caused the accident. The following facts were undisputed at trial. The sun set at 7 p.m. the evening of the accident. At the time of the accident Lambert's truck was stopped in the southbound lane of Highway 55. Danny Kelly, an employee of Lambert who was driving a dump truck, was stopped in front of Lambert at the intersection. Both Kelly and Lambert were waiting to turn left onto Hill Road. While these two trucks were stopped at the intersection, Hasson came down Highway 55, approaching Lambert's truck from behind; Hasson had his headlights illuminated, but he never saw Lambert's truck before he ran into the back end of it. Both parties were injured as a result of the collision.

Other facts regarding the cause of the collision and the extent of the damages suffered by the parties were sharply disputed at trial. Lambert presented evidence at trial to show that the reason why Hasson did not see Lambert's truck, and thus collided with it, was because Hasson was driving inattentively. Lambert presented evidence from which the jury could find that either all, or some combination, of the headlights, taillights, brake lights, and left turn signal of his truck were illuminated at the time of the collision. He also presented evidence to show that the accident occurred at approximately 7:30 p.m., and that at that hour there was still enough natural light to clearly see objects several hundred feet away,[1] and therefore, Lambert's truck should have been visible to Hasson even if the truck's lights were not illuminated. Evidence was also introduced to show that

Hasson had a statutory duty to operate his car in a manner so that he would be able ordinarily to stop short of an object appearing in the radius of his headlights. Finally, Lambert presented evidence to show that as a result of the collision, he suffered damages in the form of lost wages, lost equity in personal and real property, lost earning capacity, and damages to his person and property.

Hasson presented evidence to show that he did not see the truck, and thus collided with it, because it was dark and Lambert had negligently failed to illuminate any of the lights on his truck. Hasson's evidence tended to show that none of the lights on Lambert's truck were illuminated at the time of the accident, that the accident occurred at approximately 8 p.m., and that the darkness, combined with Lambert's failure to illuminate the lights on his truck, created a hazardous condition on the roadway. Hasson argued that Lambert's conduct not only constituted ordinary negligence, but was negligence *per se* for violating several provisions of the Idaho Motor Vehicle Code. Hasson also presented evidence of the damages he sustained as a result of the accident.

The evidence regarding these disputed facts will be more fully addressed in the respective parts of this opinion to which they are relevant. At issue in this appeal are various rulings of the district court. We will first discuss the district court's rulings which relate to the issue of liability. These rulings consist of the district court's denial of certain jury instructions requested by Hasson. Next we will discuss the district court's rulings which relate to damages. These rulings consist of the district court's denial of Hasson's motion for a partial directed verdict, and certain instructions the district court gave the jury regarding the assessment of damages.

## I. LIABILITY

The district court refused to give the jury certain instructions regarding negli-

---

1. Witnesses testified that when they heard the sound of the collision, they looked up toward the intersection from various locations up to several hundred feet away, and they were able to see the vehicles. One witness testified that from her home a few hundred feet away she saw a cloud of dust rising at the scene of the accident.

gence *per se* and the agency of Lambert and Kelly. Hasson claims that denial of these instructions prevented him from presenting to the jury essential elements of his case, and thus constituted prejudicial and reversible error. We disagree.

■ Our task, in reviewing a district court's jury instructions, is to determine whether the jury instructions, when considered as a whole, and not individually, do fairly and adequately present the issues and state the applicable law. *In re Estate of Roll*, 115 Idaho 797, 799, 770 P.2d 806, 808 (1989). If the jury instructions fairly and adequately present the issues and state the applicable law, then no error is committed. *McBride v. Ford Motor Co.*, 105 Idaho 753, 760, 673 P.2d 55, 62 (1983). Jury instructions do not constitute reversible error unless the instructions taken as a whole mislead the jury or prejudice the complaining party. *Salinas v. Vierstra*, 107 Idaho 984, 991, 695 P.2d 369 (1985).

■ Hasson first asserts that the district court erred in declining to give a negligence *per se* instruction regarding Lambert's failure to illuminate his truck in compliance with the Idaho Motor Vehicle Code. The district court expressly refused this instruction on the grounds that it was already covered in the court's proposed instructions. The instruction which the district court gave the jury stated:

There was in force in the state of Idaho at the time of the occurrence in question a certain statute which provided that:

Every vehicle upon a highway ... at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles....

A violation of the statute is negligence, unless an emergency not of the party's own making caused him to fail to obey the statute, or if compliance with the statute was impossible.

This instruction includes that portion of the Motor Vehicle Code which sets forth when motorists shall display the lights on their vehicles. The refused portions of the Motor Vehicle Code which Hasson requested be given to the jury do not tell motorists when to display their vehicle lights, but specify what lights vehicles should be equipped with. Hasson has never contended that Lambert's truck was not properly equipped with lamps and illuminating devices; his contention has been and is that Lambert negligently failed to illuminate his truck's lights at the time of the accident. The relevant portions of the instructions requested by Hasson were in fact covered by the district court's instruction, since the district court's instruction gave the jury the statutory standard by which it could determine whether Lambert was negligent *per se* in failing to display his vehicle lights. The portions of Hasson's requested instructions which the district court refused were not even relevant, much less essential, to his case. Therefore, the district court properly refused these requested instructions.

■ Hasson next contends that the district court erred in refusing to instruct the jury regarding the negligence of Kelly, Lambert's employee who was driving the dump truck in front of Lambert when the collision occurred. Based on the record, there is clearly evidence to support a finding that Kelly was negligent in driving the dump truck, since it was undisputed that the dump truck was not equipped with operable tail or brake lights. Clearly, there is also evidence to establish agency between Kelly and Lambert at the time of the accident. Even without this agency, there is evidence that Lambert himself was negligent in instructing Kelly to drive the ill-equipped dump truck. Although these facts clearly constitute evidence of negligence *per se*, we must agree with the district court's finding that this negligence relating to operation of the dump truck was not relevant to the case at hand, since it was not a proximate cause of the collision.

The Supreme Court set forth the criteria that must be met before negligence as a matter of law can be found:

> First, the statute or regulation must clearly define the required standard of conduct (citation omitted); second, the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused (citation omitted); third, the plaintiff must be a member of the class of persons the statute or regulation was designed to protect (citation omitted); and fourth, the violation must have been a proximate cause of the injury (*Leliefeld v. Johnson,* 104 Idaho 357, 370, 659 P.2d 111 (1983)).

*Sanchez v. Galey,* 112 Idaho 609, 617, 733 P.2d 1234, 1242 (1986). The conduct of both Kelly and Lambert in operating the dump truck in its defective condition clearly satisfies the first three of the four criteria. Their operation of the dump truck violated a clearly defined statutory standard of conduct, the statutes were intended to prevent just this kind of harm, and Hasson is within the class of persons the statutes were designed to protect. We agree with Hasson that the operation of the dump truck with its defective lighting system was an accident waiting to happen. However, "[e]ven though violation of a statute enacted for public safety is negligence *per se,* the violation must also be a proximate cause of the injury complained of in order to constitute actionable negligence." *Leliefeld,* 104 Idaho at 370, 659 P.2d at 124. Because Lambert's and Kelly's negligent operation of the dump truck was not a proximate cause of the collision, that negligence is not actionable in this case, and was properly kept from the jury.

■ Hasson argues that the question of proximate cause was for the jury to decide, not the court. We disagree.

> Proximate cause is generally an issue for the jury unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way. *Schaefer v. Elswood Trailer Sales,* 95 Idaho 654, 656, 516 P.2d 1168, 1170 (1973).

*Leliefeld,* 104 Idaho at 370, 659 P.2d at 124. We agree with the district court's conclusion that no reasonable person could conclude that the operation of the dump truck proximately caused this collision, therefore the district court properly refused to instruct the jury as to negligence *per se* regarding the dump truck, and the agency relationship between Kelly and Lambert.

■ Even if we found that the district court had erred in this respect, that error would not constitute prejudicial or reversible error. If the jury believed that Lambert should have had his lights on at the time of the accident, but that he failed to do so, the jury would have had to assign Lambert some percentage of liability, since he would have been negligent *per se* under Idaho law. It must be assumed by the fact that the jury found Lambert 0% negligent and Hasson 100% negligent, that the jury believed either (1) Lambert did in fact have his truck properly illuminated at the time of the collision, or (2) the accident occurred when there was still enough natural light that Lambert was not required to illuminate his vehicle lights. Under either of these two findings, an instruction regarding Kelly's negligence and his agency with Lambert could have made no difference in the jury's verdict. If the jury believed Lambert had his truck lights illuminated, the fact that the lights on the dump truck were not illuminated could not have made any difference. On the other hand, if the jury believed there was sufficient light that Lambert was not required to illuminate his truck lights, it would again make no difference that the lights on the dump truck were not working. Only prejudicial errors affecting substantial rights of parties can be grounds for granting a new trial or setting aside a jury verdict. I.R.C.P. 61; *Stoddard v. Nelson,* 99 Idaho 293, 296, 581 P.2d 339, 342 (1978). Therefore, we will not disturb the ruling of the district court or the findings of the jury regarding the liability of the parties.

## II. DAMAGES

1. Denial of Hasson's Motion for a Partial Directed Verdict

■ At trial, Hasson moved for a partial directed verdict as to the damages Lambert

claimed for lost, past wages, asserting that Lambert had failed to prove these damages with reasonable certainty. The district court denied Hasson's motion and allowed this portion of Lambert's claim to go to the jury. On appeal, Hasson claims the district court erred by denying his motion for a partial directed verdict as to lost, past wages. Also on appeal, Hasson argues for the first time that his motion for a partial directed verdict necessarily included Lambert's claim for lost equity in his property, since the lost equity claim is derivative of Lambert's claim for lost, past wages.

This Court recently stated:

An appeal from a directed verdict presents a question of law on which the appellate court exercises free review. In determining whether the directed verdict should have been granted, this Court applies the same standard as did the trial court which passed on the motion originally. On a motion for a directed verdict, pursuant to I.R.C.P. 50(a), the moving party admits the truth of the adverse evidence and every legitimate inference that can be drawn therefrom. In ruling on the motion, the question is whether there is substantial evidence to justify submitting the case to the jury. This question is not whether there is literally no evidence supporting the party against whom the motion is made, but whether there is evidence of sufficient quantity and probative value that reasonable minds *could* have concluded a verdict in favor of the non-moving party was proper.

*McGill v. Frasure,* 117 Idaho 598, 600–01, 790 P.2d 379, 381–82 (Ct.App.1990). [Citations omitted.]

■ The question for us to decide then is whether the jury had before it evidence of sufficient quantity and probative value for a reasonable jury to find that Lambert had suffered a loss of past wages, and assess the amount of that loss. As a matter of law, a jury may not award damages for lost, past wages unless the party claiming such damages proves them with reasonable certainty, since compensatory awards based upon speculation and conjecture are

not allowed. *Moeller v. Harshbarger,* 118 Idaho 92, 93, 794 P.2d 1148, 1149 (Ct.App. 1990) (citing *Patino v. Grigg and Anderson Farms,* 97 Idaho 251, 542 P.2d 1170 (1975) and *Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 (1979)).

Lambert and two doctors testified that as a result of injuries Lambert sustained in the collision he was completely unable to work for five months following the accident, and only part-time for another three months after that. Both Lambert and one Donald Amidon testified that when Lambert's own fence-setting business slowed during the winter months Lambert would work for Amidon at a rate of $10.00 an hour. Lambert testified that if his own business was slow, and Amidon had no work for him, Lambert would work driving a truck. Amidon testified that he did in fact have work for Lambert to do during the months that he was disabled. Evidence at trial showed that prior to the accident Lambert worked between eight and sixteen hours a day. Assuming the truth of this evidence and every legitimate inference that can be drawn therefrom, we conclude that a reasonable jury could have found that Lambert had lost past wages as a result of the accident, and that the jury's assessment of the amount of wages Lambert lost would not have been based on mere speculation and conjecture. Therefore, the district court did not err in denying Hasson's motion for a directed verdict.

■ Lambert's claim for lost equity is factually predicated on his claim for lost, past wages. Given the sufficiency of Lambert's proof of lost wages, we can proceed to evaluate the sufficiency of his claim for lost equity. Lambert testified that because of his loss of income during the time he was unable to work, he was unable to make the payments on his home, two trucks, and a refrigerated van, causing him to lose approximately $52,000 in equity when the property was foreclosed. He testified that he was able to remain current on all his payments until February of 1986, when the money which he made prior to the accident ran out. Lambert presented evidence of his monthly mortgage payments on this

property, and of his income during the months in question. We conclude that this evidence was of sufficient quantity and probative value for reasonable persons to have concluded that a verdict in favor of Lambert on his claim for lost equity was proper. Therefore, even if Hasson's motion for a directed verdict did encompass Lambert's claim for lost equity, the district court properly refused to direct a verdict against Lambert on this issue.

2. Refusal of Instruction on Mitigation of Damages

■ Hasson assigns as error the district court's refusal of his requested jury instruction on mitigation of damages. For the following reasons, we conclude there was no prejudicial error in the district court's ruling.

At trial, Hasson requested a jury instruction on the parties' duty to mitigate damages. At the close of evidence, the district court held a jury instruction conference with counsel. Prior to the jury instruction conference, Hasson's attorneys had received the court's rulings on their requested instructions. At the conference, the court asked counsel several times whether they had any objections or additions to the instructions as ruled on by the court. While Hasson's attorneys objected to several of the court's rulings on other requested instructions, no objection was made to the court's refusal to instruct on mitigation of damages.

■ Generally, issues not raised at the trial court level will not be heard for the first time on appeal. *Hoppe v. McDonald,* 103 Idaho 33, 644 P.2d 355 (1982). Hasson's failure to object to the court's ruling on this instruction, however, does not necessarily preclude him from challenging that ruling on appeal. *Country Ins. Co. v. Agricultural Dev. Inc.,* 107 Idaho 961, 963–64, 695 P.2d 346, 348–49 (1984); *Suitts v. First Security Bank of Idaho,* 110 Idaho 15, 19–20, 713 P.2d 1374, 1378–79 (1985). Because of the particular facts of this case, Hasson's conduct constitutes invited error. "It has long been the law in Idaho that one may not successfully complain of errors

one has acquiesced in or invited." *State v. Owsley,* 105 Idaho 836, 838, 673 P.2d 436, 438 (1983).

Hasson's failure to object to the court's ruling on this instruction does not appear to be a mere technical oversight. The record reflects that during the jury instruction conference the parties were expressly given the opportunity to object to any of the court's rulings on the instructions proposed by the parties. Hasson's attorneys took advantage of that opportunity by arguing their objections to the court's refusal of six of their proposed instructions. Neither of Hasson's attorneys made any objection to the court's refusal to give their instruction on mitigation of damages. A possible reason for this apparently conscious choice of strategy is that an instruction on mitigation of damages would have been potentially detrimental to whichever party prevailed on the issue of liability, inasmuch as both parties presented evidence that the other had failed to properly mitigate its damages. Had Lambert been found liable for Hasson's injuries, the jury might have found, based on evidence presented by Lambert, that Hasson had failed to properly mitigate his damages, and reduced his award of damages accordingly. Of course, for the same reasons, an instruction on mitigation would have been advantageous for Hasson now that he has been found liable for Lambert's damages. Hasson did not object to the court's refusal to instruct on mitigation of damages while he still believed he might win the lawsuit. Now that Hasson has been found liable for Lambert's damages, he argues that the instruction should have been given. Hasson's failure to object to the court's denial of this instruction when he was given several opportunities to do so indicates that he was aware of both the advantages and disadvantages of such an instruction, depending on the jury's verdict, and consciously chose not to object to the court's ruling that no instruction on mitigation be given. For these reasons, we find no reversible error.

3. Duplicative Damages Instruction

■ On appeal, Hasson claims that the wording of the district court's damage in-

struction improperly allowed the jury to award Lambert damages for his lost time, his lost earnings, and his impaired earning capacity for the same period of time. The language complained of by Hasson is as follows:

> If you decide for either the plaintiff or the defendants on the question of liability with respect to their respective claims, you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of damage which are applicable to them proved by the evidence to have been proximately caused by the negligence of the other party:
>
> . . . .
>
> 4. The impairment, if any, of faculties and capacity for work; . . .
>
> . . . .
>
> 8. The reasonable value of the time and earnings lost as a result of the injury; . . .

Hasson argues that by not placing a time reference in subpart 4, and by stating "time *and* earnings" instead of "time *or* earnings" in subpart 8, the jury might have awarded damages to Lambert for the impairment of his capacity to work, his lost time, and his lost earnings, all for the time period between the accident and the time of trial. While Hasson's construction of these instructions is technically plausible, and while such a construction would indeed yield a duplicative award of damages, we refuse to presume that the jury in this case would have applied such an unreasonable construction to the instructions given.

As stated above, our task in reviewing jury instructions is to determine whether the jury instructions, when considered as a whole, and not individually, fairly and adequately present the issues and state the applicable law. No reversible error is committed unless the instructions taken as a whole would mislead the jury or prejudice the complaining party. *In re Estate of Roll*, 115 Idaho at 799, 770 P.2d at 808, *McBride*, 105 Idaho at 760, 673 P.2d at 62, *Salinas*, 107 Idaho at 991, 695 P.2d 369. For the following reasons we conclude that these instructions taken as a whole would

not have misled the jury or prejudiced Hasson.

While subpart 8 might have been more correctly worded to say "time *or* earnings," we do not believe a reasonable juror would be misled by this instruction as worded to award Lambert for both his lost time *and* his lost earnings over the same time period. During closing arguments, counsel for Lambert clearly explained Lambert's claim for damages, and from this explanation it was evident that the claim for lost time was the same thing as the claim for lost earnings. The terms were used synonymously and in a manner which would make it clear to the jury that both terms referred to Lambert's claim for lost, past wages.

Lambert's counsel also clearly differentiated between Lambert's claim for lost, past wages and his claim for his impaired future earning capacity. As Lambert's counsel totalled the damages claimed by Lambert for the jury, it was clear that no duplicative award was requested. This is significant because Hasson has stated in his argument on appeal that the jury's award of damages essentially followed Lambert's request. We have no way of determining whether the jury did in fact award duplicative damages, because the special verdict form given to the jury did not provide for a breakdown of the damages awarded, but provided only for one lump sum award. However, the amount actually awarded to Lambert does not suggest that the jury was misled to give him double damages. The award does in fact correspond closely with the amount requested by Lambert at trial, which request was not duplicative.

Additionally, we note that Hasson did not object during the jury instruction conference to the district court's wording of these instructions, which objections would have given the court an opportunity to correct or clarify the instructions. The record is clear that, after the court and counsel reviewed the proposed instructions in great detail during the jury instruction conference, Hasson's attorneys stated they had no further objections to the instructions being given as proposed by the court. While this

failure to object does not necessarily preclude Hasson on appeal from assigning error to the instructions as given, it does reflect on the insignificant prejudicial effect of the assigned errors. In fact, counsel for Hasson did object to the court's giving subpart 8 as an instruction, but not because of its wording. During the jury instruction conference Mr. Wilcox stated:

> Renewing my directed verdict motion in a sense, I would object to subpart 8, the reasonable value of time and earnings lost as a result of the injury, that in the case of Mr. Lambert those are not proven by the evidence.

Counsel's verbatim recitation to the court of that portion of subpart 8 without objection to its wording shows that counsel was aware of the wording of the instruction, but did not find it objectionable.

Because we do not believe that a reasonable juror would be misled by these instructions, when taken as a whole, we find no prejudice to Hasson, and no reversible error.

The judgment of the district court is affirmed. Costs to respondent pursuant to I.A.R. 40. No attorney fees on appeal.

SWANSTROM, J., and HURLBUTT, J. Pro Tem., concur.