846 P.2d 235

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Edna Roberta WEBSTER and Donita Dockstader, Defendants–Appellants.**

**Nos. 19919, 19920.**

Court of Appeals of Idaho.

Feb. 2, 1993.

Gara B. Newman, Rupert, for defendants-appellants.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

A jury found Edna Roberta Webster and Donita Dockstader guilty of petit theft. After the magistrate entered judgments of conviction against them, Webster and Dockstader appealed their convictions to the district court claiming their convictions were invalid because the prosecutor failed to fully comply with their requests for discovery, and because of jury misconduct. After the district court affirmed their convictions, Webster and Dockstader further appealed to this Court.

## FACTS AND PROCEDURAL HISTORY

At about 4:10 p.m. on August 28, 1990, Webster, a friend of Dockstader's, went to a food store where Dockstader was employed as a cashier. An employee in the pharmacy of the store observed that Webster took two twelve-packs of soft drink from the store shelves and carried them through a checkstand which Dockstader was operating without being charged for or paying for them. The pharmacy employee notified the assistant store manager who arrived at the front of the store as Webster was exiting the front doors with the two twelve-packs. The assistant store manager then checked the register tape at Dockstader's checkstand and every other checkstand in the store and determined that the twelve-packs of soft drink had not been paid for. After Webster and Dockstader were charged by citation with petit theft their cases were consolidated for trial.

On November 6, 1990, the appellants filed a written request for discovery, which, among other things, requested a list of all baggers who were working in the store on the day in question. On November 20, 1990, the prosecutor provided the appellants with a list of baggers and checkers who worked on the day in question, which list the prosecutor obtained from the store's representatives. At the conclusion of a jury trial conducted in the magistrate division on December 18, 1990, the appellants were convicted of petit theft.

After trial, Webster and Dockstader appealed to the district court, challenging their convictions on two separate grounds: (1) that the prosecutor failed to provide them with a complete list of baggers who worked on the day in question as per their discovery request, which failure possibly prevented them from obtaining exculpatory evidence; and (2) that the jury's verdict was invalid because the jury failed to follow the magistrate's instruction that they could not convict the appellants unless they found that the appellants took or aided and abetted in the taking of the store's property with the specific intent to permanently deprive the store of that property.

After the appeal was argued orally before the district court, the district court, on April 3, 1992, issued an order disposing of the appeal, on the grounds that: (1) the appellants failed to object, either before or during the trial, to the list of baggers provided by the prosecutor although the prosecutor provided the list in a timely manner before trial; and (2) the appellants failed to present any facts on appeal to establish a basis for jury misconduct. The appellants subsequently filed the current appeal from the district court's decision, based on the same two issues raised to the district court. These issues are questions of law and procedure upon which we conduct free review,

with due regard to the district court's intermediate appellate decision.

## ANALYSIS

### 1. *Adequacy of the Prosecutor's Discovery Response.*

■ The record in this case shows that Webster and Dockstader filed a request for discovery on November 6, 1990, which included a request for "a list of names, addresses and telephone numbers of all the baggers working the day shift" at the store on the day in question. On November 20, 1990, the prosecutor provided a list of baggers to the appellants' counsel in response to the discovery request. About one month later, on December 18, 1990, the matter was tried to a jury in the magistrate division. It was not until this matter was submitted to the district court on appeal that the appellants alleged for the first time that the list of baggers submitted by the prosecutor was incomplete. Based on Dockstader's personal knowledge, the appellants claimed that another bagger had been working on the day in question who was not included in the list provided by the prosecutor. Based on this claim, the appellants further asserted that there may have been other baggers working on the day in question which were not identified in the list provided by the prosecutor, which baggers might have corroborated Webster's story that she purchased the twelve-packs at another checkstand before going over to visit with Dockstader and then leaving the store. The appellants claimed that the prosecutor's alleged failure to provide them with a complete list of baggers who worked on the day in question was tantamount to withholding exculpatory evidence, and thus prevented the appellants from preparing a complete defense.

"It is well established that issues not raised in the trial court cannot later be raised on appeal, *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991), unless the alleged error would constitute fundamental error." *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). "Fundamental error is error 'which so pro-

foundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process.'" *Id.* This Court has held that a prosecutor's failure to disclose evidence to the defense violates the defendant's right to due process, and is grounds for reversal, only if the evidence is exculpatory and material to the defense. *State v. Simons*, 112 Idaho 254, 258, 731 P.2d 797, 801 (Ct.App.1987). In *Simons* we further held that "withheld evidence is 'material' only if, viewed in relation to all competent evidence admitted at trial, it appears to raise a reasonable doubt concerning the defendant's guilt." *Id.*

Even if we assume that the prosecutor in this case failed to provide the appellants with a complete list of baggers who worked at the store on the day in question, Webster and Dockstader have not shown that the alleged failure to provide this information deprived them of exculpatory evidence which, when viewed in relation to the other evidence admitted at trial, would have raised a reasonable doubt concerning their guilt, thus depriving them of their fundamental right to due process. At trial, the state introduced as evidence the register tapes from each of the registers operated in the store on the day in question. Those tapes show that the two twelve-packs taken by Webster were not charged at any of the registers in the store. The prosecution also introduced the testimony of the assistant store manager who was on duty at the time of the incident in question. The assistant manager testified that, after reviewing the afternoon's register tapes and determining that the two twelve-packs of soft drink had not been purchased, he approached Dockstader and stated that he had a question to ask her, to which Dockstader responded, "It's about the Pepsi, isn't it? I'm going to pay for it now." In the face of this evidence, the appellants can only offer the speculative argument that there might have been other baggers working on the day in question who might have corroborated Webster's version of the events. The appellants have made no showing, through a supplemental discovery request, affidavits, or otherwise that a bagger who was excluded from the original list

would have provided them with material exculpatory evidence. Based on the record before us, we conclude that the appellants have failed to show that the prosecutor's alleged error so profoundly distorted the trial that it produced manifest injustice and deprived them of their fundamental right to due process. Because the error alleged by the appellants was not fundamental, and because the alleged error was not raised to the trial court, we will not address the issue further on appeal.[1]

### 2. Jury Misconduct.

■ The appellants assert that the jury's guilty verdicts are invalid because of juror misconduct. After trial, counsel for appellants contacted four of the six jurors who sat on the case and asked them what their recollections were regarding why and how they reached their decision. In her argument on appeal to the district court, counsel for appellants asserted that one of the jurors told her that the jurors "really didn't think the one [Dockstader] had that much to do with it, but since they were being tried together and since they were friends, they figured, well, then, she must have—". Based on these alleged comments of the juror, appellants assert that the jury's verdict was invalid because the jury failed to follow the magistrate's instructions by convicting Dockstader without actually finding that she aided and abetted in the taking of the store's property with the specific intent to permanently deprive the store of the property. The district court denied the appeal on the grounds that the appellants had failed to present any fact to establish a basis for jury misconduct. For the following reasons, we affirm the district court's conclusion.

Idaho Rule of Evidence 606(b) provides the following with respect to impeachment of jury verdicts based upon jury misconduct:

> Inquiry to validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror and may be questioned about or may execute an affidavit on the issue of whether or not the jury determined any issue by resort to chance.

Pursuant to this rule, a jury's verdict may not be impeached by a juror's affidavit or otherwise except on the grounds that: (1) extraneous prejudicial information was improperly brought to the jury's attention, (2) outside influence was improperly brought to bear on a juror, or (3) the verdict was determined by resort to chance. I.R.E. 606(b); *State v. Burnside*, 115 Idaho 882, 886, 771 P.2d 546, 550 (Ct.App.1989); *Myers v. A.O. Smith Harvestore Products*, 114 Idaho 432, 440, 757 P.2d 695, 703 (Ct. App.1988). Statements regarding any other aspect of the jury's deliberations are inadmissible to impeach the jury's verdict. *Id.*

In this case, the juror's alleged statements regarding the rationale behind the jury's verdict were clearly inadmissible to impeach the jury's verdict. The appellants presented no evidence to show that extra-

---

1. We might resolve this question on the alternate ground that the error alleged by the appellants was "invited." The record shows that the appellants received the list of baggers from the prosecutor on November 20, 1990, and that the trial did not take place until December 18, 1990, almost a month later. The record further shows that the appellants reviewed the list provided by the prosecutor prior to the trial, and that at no time prior to or during the trial did the appellants object to the list of baggers provided. "It has long been the law in Idaho that one may not successfully complain of errors one has acquiesced in or invited." *State v. Owsley*, 105 Idaho 836, 838, 673 P.2d 436, 438 (1983); *Lambert v. Hasson*, 121 Idaho 133, 139, 823 P.2d 167, 173 (Ct.App.1991).

neous prejudicial information was improperly brought to the jury's attention, that any outside influence was improperly brought to bear upon any juror, or that the jury determined any issue by resort to chance. Accordingly, the district court correctly concluded that the appellants had failed to present any evidence upon which the jury's verdict could be impeached.

### CONCLUSION

Based on the facts and reasoning set forth above, we uphold the district court's order denying the appeal of Webster and Dockstader and affirm their judgments of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.